UNITED STATES BANKRUPTCY COURT

DISTRIC OF MASSACHUSETTS

IN RE:                                               AUG 23'10 PM 4:24 USB

    Dora L. Aja                                  Case No.: 09-21872-JNF

    Debtor                                        Chapter 07

---

OBJECTION TO PROOF OF CLAIM, AND NOTICE ON 103 TOWNSEND STREET
DORCHESTER, MA 02121

---

1. Debtor is the holder of the said note, as U.S. Trustee abandoned the said property for lack of equity.
2. Pursuant to F.R.B.P. 3007 and 11 U.S.C. Section 502(a) and section 502 (b)(1)

3. Undersigned respectfully objects to the Proof of Claim filed in the above-entitled case by Wells Fargo. The grounds for this objection are as follows:

4. On or about 02/12/10 Wells Fargo filed for Relief From Automatic Stay stating that they were the Trustees for Certificat Holders of Carrington Loan Trust Series 2007-FRE-1 Asset Backed Through Series.

5. On or about 02/12/10 Wells Fargo on said motion filed the Note and Mortgage documenting that they had in fact purchased the said from Fremont Loan and Investments on or about May 28, 2010.

6. The said motion documents in detail as prescribed by F.R.B.P 3001 and form B-10 proof of claim section 5 the amount owed on the said loan.

7. The Debtor hereby requests that this loan be disallowed for the following reasons:

8. On or about 2008 Massachusetts Attorney General obtained an Injuction on all mortgages owned by Fremont Loan and Investments. And on March 2008 a modification of the said injuction.

9. In March, 2008, approximately one month after the issuance of the preliminary injunction, Fremont announced it had entered into an agreement with Carrington Mortgage Services, LLC, to sell certain rights to service mortgage loans. In response, the Attorney General sought a modification of the injunction to require that any assignment, sale, or transfer of ownership rights or servicing obligations by Fremont be conditioned on the assignee's or purchaser's acceptance of the obligations imposed by the preliminary injunction. The judge granted this relief with respect to all future assignments or sales that Fremont might make, modifying the original preliminary injunction in a separate order dated March 31, 2008 (modification order).

10. On or about June of 2009 Wells Fargo proceeded with advertising 103 Townsend Street at a foreclosure auction without the prescribed stipulations of the modified injunction. Nor obtained a Court order related to such sale.

11. This constitute unfair and deceptive practices on the part of Wells Fargo. Under MGL 93 A.

12. Under the terms of the injuction Wells Fargo had the obligation to notify the Attorney General of the the proposed foreclosure auction and it was up to the Massachusetts Attorney General if it hold the necessary grounds to execute the said foreclosure.

13. Then the Lender would have to seek a Court order granting such relief.

14. This event never happened according to debtor.

15. The Purchaser of the note and Mortgage for 103 Townsend Street did not adhere to the terms of the injuction.

16. The Note and the Mortgage are invalid instruments as the signator of the said assignment is not an employeed of Carrington Loan Services.

17. Therefore I am hereby requesting that the said claim be disallowed.

18. On or about January 21, 2010 the Court converted Debtors Chapter 11 to a Chapter 7.

19. On or about April 20, 2010 Debtor held her meeting of Creditors with Chapter 7 Trustee.

20. On or about April 20, 2010 Trustee sent Notification to all creditors that there were funds to pay creditors, and therefore she set a Bar Date to file Proof Of Claim for July 21, 2010.

21. The Bar Date has Expired and the allowance to have Proof Of Claims filed late has expired.

22. Wells Fargo is not entitled to the Claim as it failed to Notify the Attorney General to Seek Relief from the Automatic Stay on the said loan as the motion clearly states its intention to foreclose, and it also violated MGL 93A as it intended to foreclose without the required Court Order.

23. The Motion filed by Wells Fargo Does not constitute a valid Proof of Claim.

By: Dora Aja Pro-se

20 Sigourney Street

Jamaica Plain, Ma 02130

857-251-0892

AUG23'10 PM 4:24 USB

**NOTICE:**

----------------------------------------------------------------

If you object to the motion, you must file a written responsive pleading and request a hearing within ten (10) days of the date of the motion. The responding party shall schedule the Hearing on the motion at least 30 days

PROOF OF SERVICE

The Undersigned Dora Aja, Pro-se hereby states that the Objection to Claim on Creditor

Wells Fargo and served the said Objection via CM/CMF to the Parties.

Wells Fargo.

By Ara Ari
20 Sigourney St
Jamaica Plain, ma 02130
857-2510892

4